UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MANUEL VICTOR GONZALES,

        Petitioner,                        No. 06-CV-10191
                                                    Hon. Gerald E. Rosen

v.

THOMAS WINN,

        Respondent.

_____/

OPINION AND ORDER REGARDING PETITIONER'S
MOTION FOR A CERTIFICATE OF APPEALABILITY

    Manuel Victor Gonzales, ("Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his Michigan state court conviction for second-degree murder, possession of a dangerous weapon with unlawful intent, possession of a firearm by a felon, and felony firearm. On April 6, 2015, this Court denied petitioner's application for a writ of habeas corpus and also declined to issue a certificate of appealability or to grant leave to appeal *in forma pauperis*. *See Gonzales v. Rapelje*, No. 06-CV-10191 [Dkt. # 57].

    Petitioner has filed a notice of appeal. Petitioner has also filed a motion for a certificate of appealability, which this Court will treat in part as a motion for reconsideration of the Court's previous decision to deny petitioner a certificate of appealability. For the reasons that follow, the Court will deny petitioner's motion for

reconsideration.  The Court will further order that petitioner's motion for a certificate of appealability be transferred to the United States Court of Appeals for the Sixth Circuit.

E.D. Mich. Local Rule   7.1 (h) allows a party to file a motion for reconsideration.  However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Id.; See also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000).  The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.  A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Because this Court previously denied petitioner a certificate of appealability when it denied the petition for writ of habeas corpus, the Court will construe petitioner's motion for a certificate of appealability as a motion for reconsideration of the Court's prior order to deny a certificate of appealability.  *See e.g. Jackson v. Crosby,* 437 F. 3d 1290, 1294, n. 5 (11th Cir. 2006).

Petitioner's motion for reconsideration will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied petitioner's habeas

application and declined to issue a certificate of appealability or leave to appeal *in forma pauperis. See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

This Court notes that the proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certificate of appealability before the appellate court in the appeal from the judgment denying the petition for writ of habeas corpus or the motion to vacate sentence. *See Sims v. U.S.,* 244 F. 3d 509 (6th Cir. 2001)(citing Fed. R.App. P. 22(b)(1)).  In light of the fact that this Court has already denied petitioner a certificate of appealability, petitioner should direct his request for a certificate of appealability to the Sixth Circuit.  The Court, in the interests of justice, will order that petitioner's motion for a certificate of appealability to be transferred to the United States Court of Appeals for the Sixth Circuit.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for a reconsideration of the Court's previous denial of a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court transfer petitioner's December 30, 2014 "Motion for Certificate of Appealability" **[Dkt. # 64]** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**SO ORDERED.**

S/Gerald E. Rosen
Chief Judge, United States District Court


Dated:  September 30, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2015, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5135